Filed 10/24/13  P. v. Franklin CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063871 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN309838) |
| ROXANA FRANKLIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Roxana Franklin was convicted, following a court trial, of exhibiting a firearm in a threatening manner against an occupant of a motor vehicle (Pen. Code,[1] § 417.3).  The court also found Franklin personally used a firearm in the commission of the offense

---

[1] All further statutory references are to the Penal Code unless otherwise specified

(§ 1192.7, subd. (c)(8)).  The court granted Franklin probation subject to 180 days custody, to be served in the electronic surveillance program in lieu of jail.

Franklin filed a timely notice of appeal.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising a possible, but not arguable issue.  We offered Franklin the opportunity to file her own brief on appeal, but she has not responded.

## STATEMENT OF FACTS

This conviction arises out of an incident of "road rage."  At about 1:00 p.m., on September 4, 2012, William Porter was driving on Interstate 5 in his red station wagon. He noticed a blue Mercedes pass him at a high rate of speed.  Both Porter and the Mercedes exited on the eastbound ramp to Highway 78.

A short distance away, according to Porter, the Mercedes, driven by Franklin, pulled next to him.  Franklin rolled down her window and said, "You are an asshole." Porter said he made no response and the Mercedes drove away.

Porter again encountered the Mercedes and then rolled down his window and called Franklin an "ugly bitch."  Franklin responded angrily, "fuck you."

As the encounter continued, Porter said he pulled over and the Mercedes pulled next to him.  The driver was yelling obscenities.  The woman in the passenger seat said "Roxy, let it go."

2

Porter drove forward but said the Mercedes again pulled next to him.  Franklin produced a leather wallet with a badge and a pair of handcuffs and said, "When do you want to go to jail?  I'm a cop."

Porter said he drove on and was again encountered by Franklin, who was holding a pistol.  Porter said he heard the gun cock and saw Franklin's thumb move.  She asked, "Do you want to die?"  Porter called 911.

Porter followed Franklin and observed her drive to the California Highway Patrol (CHP) office in Oceanside.  He waited in a parking lot across the street to await police.  Franklin got out of her car, looked at Porter and "flipped him off."

Franklin acknowledged having handcuffs and a flat badge.  She had worked for the Coronado Police Department but was never a sworn police officer.

A search of the car revealed a .22 caliber revolver between the driver's seat and the center console.

At trial defense counsel offered to demonstrate the operation of the gun, specifically that it automatically cocks when it is opened.  The trial court denied the request.

Franklin testified in her own behalf.  She said Porter had cut her off while on Interstate 5.  When they exited at Highway 78, and stopped shortly thereafter, she saw Porter make hand gestures.  At the next stop Porter called Franklin and her passenger "fat, ugly dykes."  Franklin responded that Porter was a "fucking asshole."

Franklin said the encounter went on for some distance with Porter bumping the rear of her car.

3

At a further encounter Franklin, acting out of fear, displayed her badge and handcuffs. When that did not work she displayed her "pea shooter."

Franklin drove to the CHP office to report that Porter had tried to kill her several times.

Lisa Cronin, who was the passenger in Franklin's car, testified to essentially the same version of the events as did Franklin

Following the testimony the trial court took the matter under submission. Ultimately, the court found the victim was partly to blame for "this entire mess," but nonetheless found Franklin guilty of the felony in count 1 and that she had personally used a firearm.

As we have previously noted, appellate counsel has filed a brief indicating she is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies a possible, but not arguable issue:

Did the trial court prejudicially err in refusing to allow a demonstration of the operation of the gun?

We have reviewed the entire record in accordance with *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, and have not found any reasonably arguable appellate issues. Competent counsel has represented Franklin on this appeal.

DISPOSITION

The judgment is affirmed.


                                          HUFFMAN, Acting P. J.

WE CONCUR:


        O'ROURKE, J.


        AARON, J.